IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Samuel Harrelson, Beverly Smith, Teressa Williams, Rick Graef, Kyle Tickel, Robert Raines, Charles Ginn, JoAnn Nash, Donald Huff, and Andrea Rentz, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>Wells Fargo, N.A.,<br><br>Defendant. | Civil Action No. 3:19-cv-02556-CMC |

## NOTICE OF REMOVAL

Defendant, Wells Fargo Bank, N.A., improperly identified in the caption as "Wells Fargo, N.A." ("Wells Fargo"), by its undersigned attorneys, and pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453, Federal Rule 83 and Local Civ. Rules 83.IV.01 and 83.IV.02, D.S.C., hereby removes this civil action from the Court of Common Pleas of the Fifth Judicial Circuit in Richland County, South Carolina, to this Honorable Court. In support thereof, Wells Fargo states as follows:

## PROCEDURAL HISTORY

1.     On August 8, 2019, Plaintiffs Samuel Harrelson, Beverly Smith, Teressa Williams, Rick Graef, Kyle Tickel, Robert Raines, Charles Ginn, JoAnn Nash, Donald Huff and Andrea Rentz (the "Plaintiffs"), on behalf of themselves and all others similarly situated, filed a Class Action Complaint (the "Complaint") in the Court of Common Pleas for the Fifth Judicial Circuit, Richland County, Case No. 2019-CP-40-04413 (the "State Court Action") seeking certification of a putative class action, monetary damages and injunctive relief purportedly

arising from Wells Fargo's alleged disclosure of all or a portion of debtors' social security numbers in lawsuits filed by it in South Carolina state courts. (*See* Complaint at **Exhibit 1**.)

2. Pursuant to 28 U.S.C. § 1446(c), this case is removable within 30 days of receipt of service by a defendant. Wells Fargo was served via service on its registered agent on August 12, 2019. Thus, this Notice of Removal is timely filed.

## BASIS FOR REMOVAL

### I. Diversity Jurisdiction

3. This case is properly removed pursuant to this Court's diversity jurisdiction, which vests the Court with jurisdiction over cases between "citizens of different States" when the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1).

4. Here, there is complete diversity between all of the plaintiffs—each of whom is alleged to be a citizen of South Carolina (Compl. ¶¶ 1–10)—and Wells Fargo, which is a national bank with its main office located at 101 North Phillips Avenue, Sioux Falls, South Dakota. *See Wachovia Bank, N.A. v. Schmidt,* 546 U.S. 303, 318 (2006) (holding that a national bank is "located," for diversity jurisdiction purposes, in the state designated in its articles of association as the locus of its main office, not in every state where it has branch offices).

5. The case also meets the $75,000 amount-in-controversy threshold, as the plaintiffs seek money damages up to $5 million. (*Id.* ¶ "Wherefore.")

6. Accordingly, the Court has original subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1).

### II. Class Action Fairness Act

7. Additionally, this case is properly removed under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d) ("CAFA") and 28 U.S.C. § 1453, as well as 28 U.S.C. §§ 1441 and

1446. Under CAFA, federal courts have "original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000.00, exclusive of interest and costs, and is a class action in which any member of a class of plaintiffs is a citizen of a State different from any defendant . . . ." 28 U.S.C. § 1332(d)(2)(A).

8. As set forth more fully herein, the Complaint alleges that the putative class action consists of at least 500 purported class members whose social security numbers were allegedly disclosed, in whole or in part, in South Carolina lawsuits filed by Wells Fargo, purportedly in violation of South Carolina procedural rules and statutes.[1] The Complaint seeks, *inter alia*, monetary damages and equitable relief on behalf of the ten named Plaintiffs and the members of the putative class, including but not limited to, vacating the judgments obtained by Wells Fargo in such South Carolina lawsuits and the disgorgement of amounts recovered by Wells Fargo therein.

9. The citizenship of the ten named Plaintiffs, all of whom allegedly live in South Carolina, differs from that of Wells Fargo, which is a corporate citizen of the State of South Dakota.

10. Based on the relief sought by the Plaintiffs for themselves and the proposed class herein, the amount in controversy exceeds $5,000,000.00, exclusive of interest and costs. Thus, the elements for diversity jurisdiction under CAFA and 28 U.S.C. §§ 1332 and 1441 are satisfied.

---

[1] Wells Fargo expressly reserves the right to assert any and all defenses to the Complaint under Federal Rule of Civil Procedure 12, including but not limited to the Plaintiffs' failure to state a plausible claim for relief. Wells Fargo further reserves the right to compel arbitration pursuant to contractual agreements between the Plaintiffs and Wells Fargo under the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.*

### A. Allegations of the Complaint

11. In their Complaint, the Named Plaintiffs allege that Wells Fargo purportedly violated Rule 41.2 of the South Carolina State Court Rules of Civil Procedure and certain South Carolina consumer protection statutes by disclosing full or partial social security numbers of debtors in at least 500 lawsuits filed in South Carolina state courts between April 15, 2014 and the filing of the Complaint.

12. Specifically, the Plaintiffs allege that Wells Fargo "failed to fully redact [the] visible portion of the social security number" on Department of Defense Manpower Data Center Status Reports obtained pursuant to the Servicemembers' Civil Relief Act, and filed in lawsuits against the proposed members of the putative class. (Compl. ¶ 23.)

13. Based on these allegations, the Plaintiffs assert claims against Wells Fargo on behalf of themselves and putative class for purported violations of South Carolina Rule of Civil Procedure 41.2 and S.C Code § 39-1-90, "Negligence/Negligence Per Se" and "Invasion of Privacy.[2]

14. Plaintiffs identify a proposed class of persons they claim are similarly situated to them defined as follows:

> Every person within the State of South Carolina sued by Wells Fargo since April 2014 whose un-redacted partial (or full) social security number was filed in the public record.

(Compl. ¶ 46.a.)

---

[2] Wells Fargo maintains that the South Carolina procedural rule on which the Plaintiffs' claims are predicated fails to create a private right of action and, thus, cannot be the underpinning for the relief prayed herein. Wells Fargo further maintains that none of the claims alleged in the Complaint set forth a plausible cause of action against it and reserves its right to compel arbitration of the Plaintiffs' claims.

15. Plaintiffs seek *monetary* damages "in an aggregate amount less than $5,000,000.00 exclusive of interest and costs" *plus* equitable relief (i) vacating and dismissing any judgment obtained by Wells Fargo in South Carolina cases in which the defendant's social security number was not fully redacted in court filings, (ii) dismissing any pending cases filed by Wells Fargo in South Carolina in which the defendant's social security number was not fully redacted, (iii) requiring disgorgement of all amounts recovered by Wells Fargo as a result of such lawsuits, and (iv) mandating that Wells Fargo undertake efforts to fully redact the defendants' social security numbers in filings made in such lawsuits, as well as (v) actual, consequential, special, *and punitive damages*. (Compl. ¶¶ "Wherefore"(a)–(f).) As demonstrated below, based on the Plaintiff's aggregate Prayers for Relief, the amount in controversy in this case far exceeds $5,000,000.00.

### B. This Case Meets Each Element of CAFA

16. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) and, thus, is properly removable under 28 U.S.C. § 1441.

17. Jurisdiction under Section 1332(d) is proper where "the amount in controversy exceeds the sum or value of $5,000,000.00 exclusive of interest and costs, and is a class action in which – ... [a]ny member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2).

18. Here, the citizenship of the Plaintiffs differs from that of Wells Fargo, and the amount in controversy, after aggregating the claims advanced on behalf of the Plaintiffs' and proposed class, exceeds $5,000,000.00, exclusive of interest and costs.

### i. The Proposed Class

19. Under 28 U.S.C. § 1332(d) a "class action" is defined as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by one or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

20. The definition of the proposed class set forth in the Complaint readily meets this definition as it includes "[e]very person within the State of South Carolina sued by Wells Fargo since April 2014 whose un-redacted partial (or full) social security number was filed in the public record." (Compl. ¶ 46.)

21. Paragraph 22 of the Complaint further alleges that there are more than 500 members of the proposed class who were sued by Wells Fargo in lawsuits in which "Wells Fargo failed to redact information from filings . . . ." (Compl. ¶ 22.)

22. Thus, this case constitutes a putative "class action" as defined in 28 U.S.C. § 1332(d).

### ii. There Is Diversity of Citizenship Between the Plaintiffs And Wells Fargo.

23. As discussed above, Wells Fargo's main office is located in South Dakota. Accordingly, for diversity jurisdiction purposes, Wells Fargo is a citizen of the State of South Dakota.

24. Here each of the named Plaintiffs are alleged to be residents of South Carolina. Accordingly, the diversity requirements for removal of this putative class action are satisfied.

      ***iii.    The Aggregate Amount in Controversy Exceeds $5,000,000.00, Exclusive of Interest and Costs***

25. While Wells Fargo makes no admission of liability and waives no defense by seeking to remove this action, the Complaint herein sets forth prayers for relief which exceed the amount in controversy requirement for removal under CAFA.

26. On its face, the Complaint seeks both monetary damages of an amount not to exceed $5,000,000.00 *and* equitable relief which, based on the allegations of the Complaint and information set forth below, exceeds $5,000,000.00, as well as punitive damages.[3]

27. Public records reflect that seven of the Plaintiffs were defendants in South Carolina collection actions in which judgments were obtained against them by Wells Fargo. When the aggregate amount of those seven judgments which the Plaintiffs seek to vacate herein, is added to the highest amount of monetary damages prayed by the Plaintiffs in the Complaint (i.e., $4,999,999.99), the amount in controversy plainly exceeds the $5,000,000.00 amount in controversy requirement for removal under CAFA. (*See* Judgments entered against Plaintiffs at **Exhibit 2**.)

28. In addition, the amount in controversy is "measured by the value of the object of the litigation." *See Rabel v. Huntington Nat. Bank*, 2015 WL 3540660, at *5 (S.D. W. Va. June 4, 2015) (citing *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 247 (1977), and *Dixon v. Edwards,* 290 F.3d 699, 710 (4th Cir. 2002)).

---

[3] To the extent the Plaintiffs intended this supposed cap on their damages to be a stipulation designed to avoid jurisdiction under CAFA, it is irrelevant, as these plaintiffs cannot bind an uncertified class. *See Std. Fire Ins. Co. v. Knowles*, 568 U.S. 588, 596 (2013) (holding that a plaintiff's stipulation as to damages "does not resolve the amount-in-controversy question [under CAFA] in light of his inability to bind the rest of the class," and instructing district courts to "ignore[] that stipulation" when analyzing the aggregate amount in controversy under CAFA).

29. Here, the Named Plaintiffs not only seek to unwind the judgments against them personally, they seek to vacate every money judgment obtained by Wells Fargo against the 500+ members of the putative class in South Carolina lawsuits in which the proposed class members social security numbers were allegedly disclosed in whole or in part since April 15, 2014. Assuming solely for the purposes of removal (and without any admission) that the Plaintiffs factual allegations relating to the class are true, the average value judgments obtained by Wells Fargo in South Carolina against debtors since April 15, 2014—standing alone—is sufficient to trigger CAFA jurisdiction. *See JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 639 (4th Cir. 2010) (explaining that equitable relief "must be valued in determining whether the plaintiff has alleged a sufficient amount in controversy").

30. Without conceding that Wells Fargo's filings in any South Carolina collection action violated Court rules or give rise to a private cause of action for which the Plaintiffs can seek to vacate judgments against themselves or the proposed class, public records and Wells Fargo's records reflect that since April 15, 2014, the average judgment obtained by Wells Fargo in South Carolina arising from credit card collection lawsuits was *over* $10,000.00. Thus, if all of the 500+ purported class members were credit card holders like the named Plaintiffs herein and had their social security numbers disclosed in violation of South Carolina law, the Plaintiffs' efforts to vacate judgments against such class members gives rise to an amount in controversy in excess of $5,000,000. This alone would satisfy the amount in controversy under CAFA.

31. Moreover, credit card debt is not the only type of debt on which litigation has been initiated by Wells Fargo in South Carolina. Wells Fargo also filed a number of collection actions regarding other types of loans including but not limited to vehicle loans, mortgage loans, and personal loans in South Carolina since April 15, 2014. Without conceding that Wells Fargo's

filings in any such non-credit card action violated Court rules or give rise to a private cause of action for which the Plaintiffs can seek to vacate judgments against members of the proposed class, Wells Fargo's records reflect that the Plaintiffs' efforts to vacate such judgments obtained against debtors and borrowers in South Carolina since April 2014 gives rise to an amount in controversy well in excess of $10,000,000.00. This more than satisfies the amount in controversy requirement under CAFA.

32. Thus, whether all of the alleged 500+ putative class members were credit card debtors against who judgments were obtained, or judgment debtors in suits regarding other kinds of Wells Fargo loans, or some combination thereof, the amount in controversy arising from the Plaintiffs' prayer for relief seeking to vacate judgments against putative class members—standing alone—gives rise to an amount in controversy well in excess of $5,000,000.00 as to the equitable relief sought by the Plaintiffs.

33. This amount, when coupled with the Plaintiffs' claim for monetary relief up to $4,999,999.99 and their demand for punitive damages and attorneys' fees, plainly demonstrates that the amount in controversy in this Case greatly exceeds the requirement for CAFA removal. *See Wall v. Fruehauf Trailer Servs., Inc.*, 123 F. App'x 572, 577 (4th Cir. 2005) (acknowledging that attorneys' fees should be considered when assessing the amount in controversy when such fees are allowed by a statute; here Plaintiff's seek attorneys' fees under South Carolina Code § 39-1-90(G)(4) in this case); *Zulveta v. State Auto. Mut. Ins. Co.*, Case No. 6:15-2880-HMH-KFM, 2015 U.S. Dist. LEXIS 171357, at *14–15 (D.S.C. Nov. 30, 2015) (holding that "[p]unitive damages must be considered in determining the amount in controversy unless it can be said to a legal certainty that plaintiffs cannot recover punitive damages").

34. Accordingly, this case plainly meets CAFA's diversity of citizenship and amount in controversy requirements for removal.

## CONCLUSION

35. A true and correct copy of all process and pleadings served upon Wells Fargo is attached as **Exhibit 1** to this Notice of Removal. Pursuant to 28 U.S.C. § 1446(d), written notice of this removal is being served on the Plaintiffs, and is also being filed with the Clerk of Court for the Richland County Court of Common Pleas.

36. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of Wells Fargo's rights to assert any affirmative defenses, including but not limited to, the defenses of lack of jurisdiction over the person, improper venue, insufficiency of process, improper joinder of claims and/or parties, failure to state a claim, contractual arbitration of some or all of the claims, failure to join indispensable parties, or any other pertinent defense available to it.

WHEREFORE, Wells Fargo hereby removes this matter from the Court of Common Pleas of the State of South Carolina, Richland County, to the United States District Court for the District of South Carolina, Columbia Division, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

*Signature Page Attached*

Respectfully submitted,

        WOMBLE BOND DICKINSON (US) LLP

        /s/ Kevin A. Hall
           Federal Bar No. 5375
           *kevin.hall@wbd-us.com*
           M. Todd Carroll
           Federal Bar No. 9742
           *todd.carroll@wbd-us.com*
           1221 Main Street, Suite 1600
           Columbia, SC 29201
           803.454.6504

           S. Sterling Laney, III
           Federal Bar No. 6255
           *sterling.laney@wbd-us.com*
           550 South Main Street, Suite 400
           Greenville, SC 29601
           864.255.5429

        *Attorneys for Wells Fargo Bank, N.A.*

September 10, 2019